IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HUSSEIN ALI YASSINE<br>*also known as Mike*,<br>　　　　*Petitioner*<br><br>v.<br><br>CHARLOTTE COLLINS, Warden at the<br>T. Don Hutto Residential Center; VINCENT<br>MARMOLEJO, Assistant Field Office<br>Director, ICE San Antonio Field Office;<br>MIGEL VERGARA, Field Office Director,<br>ICE San Antonio Field Office; TODD<br>LYONS, Acting Director, U.S. Immigration<br>and Customs Enforcement; KRISTI NOEM,<br>Secretary of Homeland Security; PAMELA<br>BONDI, U.S. Attorney General,<br>　　　　*Respondents* | §§§§§§§§§§§§§§§ | 1:25-CV-00786-ADA-SH |

**ORDER**

Before the Court are Petitioner Hussein "Mike" Ali Yassine's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. 1), Motion for Order to Show Cause Pursuant to 28 U.S.C. § 2243 (Dkt. 2), and Motion for Leave to File Exhibit Under Seal (Dkt. 3), all filed May 23, 2025.[1] Petitioner has paid the required $5 filing fee.

**I.    Background**

Petitioner Hussein "Mike" Ali Yassine alleges: He was born in the Ivory Coast to Lebanese parents and is stateless. Dkt. 1 ¶ 1. An immigration judge entered a removal order against him in 2020, but the government has not removed him because neither the Ivory Coast nor Lebanon has issued proof of citizenship or travel documents. *Id.* ¶¶ 1, 2. After initially releasing Petitioner on Orders of Supervision from U.S. Immigration and Customs Enforcement ("ICE") in January 2021,

---

[1] The District Court referred this case to this Magistrate Judge pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Magistrate Referral Standing Order for United States District Alan D Albright. Dkt. 7.

1

ICE unlawfully re-detained him on or about April 3, 2025. *Id.* ¶¶ 2, 7, 9. His ongoing detention at the T. Don Hutton Residential Center in Taylor, Texas is a violation of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

Petitioner asks the Court to grant a writ of habeas corpus under 28 U.S.C. § 2241 and order Respondents to release him from custody. He also asks the Court to issue a show cause order under 28 U.S.C. § 2243 directing Respondents to show why his habeas petition should not be granted. Dkt. 2. Finally, Petitioner seeks leave to file under seal Exhibit 1 of his habeas petition. Dkt. 3.

## II.  Motion for Order to Show Cause

The Court has jurisdiction to review Petitioner's constitutional challenges to his detention under 28 U.S.C. § 2241. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *Glushchenko v. United States Dep't of Homeland Sec.*, 566 F. Supp. 3d 693, 702 (W.D. Tex. 2021); *Maldonado v. Macias*, 150 F. Supp. 3d 788, 794 (W.D. Tex. 2015). Petitioner asks the Court to order Respondents to show cause within three days why his Petition should not be granted pursuant to 28 U.S.C. § 2243, which provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

Although the statute refers to three days, the time limits in § 2243 "are subordinate to the district court's authority to set deadlines under Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts." *Olya v. Garite*, No. EP-25-CV-00083-DCG, 2025 WL 890180, at *1 (W.D. Tex. Mar. 19, 2025) (citing cases). Courts have found that a fourteen-day deadline to

2

respond to show cause orders is reasonable. *Id.*; *Doe v. Garite*, No. 3:25-cv-00046-KC at Dkt. 5 (W.D. Tex. Feb. 21, 2025).

The Court agrees with Petitioner that a show cause order is necessary. To give Respondents adequate time to brief the issues, the Court exercises its discretion to extend the response deadline to fourteen days.

### III.  Motion for Leave to File Exhibit Under Seal

Petitioner asks the Court to grant leave to file under seal Exhibit 1 of his habeas petition, Dkt. 3-1, which also is cited in his Motion for Order to Show Cause. The exhibit contains Petitioner's medical records obtained from ICE. The records include his physical and mental health intake screenings, regular records of his blood pressure and dental checks, past medical diagnoses, and detailed descriptions of his mental health evaluations at the detention facility. Petitioner asks to file the exhibit under seal due to the sensitive medical information it contains and because nearly every page of the medical records shows his date of birth and alien registration number.

"A court may seal a judicial record only on a case-by-case, document-by-document, line-by-line basis and must balance 'the public's common law right of access against the interests favoring nondisclosure.'" *8fig, Inc. v. Stepup Funny, L.L.C.*, 135 F.4th 285, 293 (5th Cir. 2025) (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021)).

The Court finds Petitioner has shown that his interest in nondisclosure of his sensitive medical and personally identifying information in the medical records outweighs the public's right of access, and that the amount of material sealed is "congruent to the need." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (quoting *Le*, 990 F.3d at 420); *see also Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 504 (E.D. Tex. 2022) ("Courts routinely find that the personal interest in keeping medical records private outweighs the public's interest in viewing those records.").

## IV. Order

For these reasons, the Court **ORDERS**:

- The Clerk shall serve a copy of the Petition (Dkt. 1) on the Respondents through their counsel, by certified mail, return receipt requested.

- Respondents shall **SHOW CAUSE** why the Petition for Writ of Habeas Corpus should not be granted on or before **July 22, 2025**.

- Petitioner may file a reply in support of his Petition within 10 days of being served with the Show Cause Response.

- Plaintiff's Motion for Leave to File Exhibit Under Seal (Dkt. 3) is **GRANTED**. The Clerk of Court shall file Exhibit 1 of Plaintiff's Petition for Writ of Habeas Corpus (Dkt. 3-1) under seal.

**SIGNED** on July 7, 2025.

                                                                             _____
                                                                             SUSAN HIGHTOWER
                                                                             UNITED STATES MAGISTRATE JUDGE